East'n District.
*Dec.* 1823.

GUIDRY
*vs.*
GRIVOT.

<hr/>

### M'GREW vs. BROWDER.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The petitioner avers, that he is the legal administrator of the succession of the late Wm. M'Grew, of Washington county, state of Alabama. That he had in his possession a slave named Lucy, belonging to the estate of said M'Grew. That this slave had been stolen from him; and that he had found her in the hands of the defendant, who refuses to give her up.

A motion to dismiss a suit, because the plaintiff was appointed administrator in another state, is too late, after a plea on the merits.

And he will recover even in a suit as administrator.

A possession by one in stealth cannot avail.

East'nDistrict.
*Dec.*.1823.

M'GREW
*vs.*
BROWDER.

To this demand there is an answer, containing a general denial—a plea that the plaintiff was not administrator, as alleged by him—and that the defendant owned the property sued for, in virtue of a *bona fide* title.

After the cause had stood for some time at issue, the defendant moved to dismiss it, on the ground that an administrator holding his appointment under the authority of another state, could not maintain an action in our courts. This motion being overruled, the party making it excepted.

In support of the opinion of the judge of the first instance, it has been urged by the plaintiff, that the application for a dismissal came too late. That it was in substance a dilatory plea ; and should have been presented at the time of filing the answer    We concur in this reasoning ; and adopt it.    If the defendant thought proper to admit the appointment of the plaintiff, and chosed to rest his defence on the right of administrator to sue, it was an objection to his capacity, which was waved by going into an inquiry on the merits, without apprising him by any thing contained in the answer, that such an exception would be relied on.

The defendant, however, contends, that ad-

East'n District.
Dec. 1823.

M'GREW
vs.
BROWDER.

mitting this principle to be correct, the *fact* of the plaintiff being administrator was denied by the answer, and that the proof adduced shews that he is not so, but that on the contrary, he was appointed jointly with another person who is not a party to the action. If the view which we have taken of the case as it stands before us on the merits, brought us to the conclusion, that it was necessary for the plaintiff to have brought his action as administrator, and proved his right as such, we should think this objection well taken. Whoever sues, as the representative of others, must, if called on, produce the evidence which authorises them to do so—for it is as necessary to establish *his* right to recover, as it is to shew the defendant is responsible to his principal. Nor is it necessary, in our opinion, that the defendant should call for this proof, in any other manner, than by a distinct denial of the fact. To require him to set out the other persons who should be joined with the party suing, would suppose in him a knowledge of the very matters on which he is justified in calling for proof.

But this case, as we have already intimated, depends on principles which are quite distinct from that which refers to an administrator of

East'nDistrict.
*Dec.*1823.

M'GREW
*vs.*
BROWDER.

an estate holding his powers from another go-
vernment, the permission to sue in our courts.
The evidence taken shews, that that the plain-
tiff in this case had the slave *in actual posses-
sion ;* and that she was stolen *from him.* These
facts, we are clearly of opinion, authorise him
to maintain this action in his own right. From
the moment he took into his custody the slave
now sued for, he became responsible to the
heirs ; and we understand the general rule to
be, that whoever is answerable to another, for
a thing placed in his possession, has such a
special property in it, as enables him to main-
tain an action for the possession, if taken by a
stranger.    *Godolphin's Law of Executors,* 134.

There are still two questions, made by the
appellant, to be disposed of : The first is—That
the plaintiffs having sued as administrators,
cannot recover in his own right. An objection
of the same kind was taken, in the case of
*Hunter* vs. *Postlewhaite,* decided in this court.
We were of opinion there, that the circum-
stance of the plaintiff styling himself executor,
in the petition, did not prevent his receiving
money due to him in his individual capacity—
that it was merely a word of description. The
case of *Urquhart* vs. *Taylor,* was decided on

the same principle. 5 *Martin,* 202. 10 *Martin,*
465.

The second is—That the possessory right which the petitioner relies on, cannot prevail against the defendant who shews title. We doubt the correctness of this doctrine, as applied to this particular case ; for the action was commenced before one year had expired from the time the slave was taken out of plaintiff's possession. Admitting it, however, to be correct, still the defendant is placed in no better position ; for the title he sets up commences with the person who stole the property from the petitioner, and brought it into this state ;—such a title is worse than none ; and can furnish no defence against the claims of the honest possessor.

We therefore conclude the judgment of the district court should be confirmed, with costs.

——, for the plaintiff, ———, for the defendant.