EASTERN DIST.
December, 1831.

**FOWLER vs. COOPER, CARUTHERS & CO.**

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

FOWLER
vs.
COOPER, CARU-
THERS & CO.

3L 215
106 300

The qualified property which vests in a consignee, authorises him to main-
tain an action for the recovery of its possession, or its value.  But whether
he can  legally support  such an action, against any other person except
the one to whom he delivered the property for safe keeping, or the actual
possessor at the time of instituting the suit.—*Quere.*

The plaintiff and the defendants were commission mer-
chants, and had stored at the same ware-house, a quantity of
cotton, which had been consigned to them for sale. When the
defendants demanded theirs, part was found to be missing, and
twenty-one bales of the plaintiff's delivered to them, in lieu of
so many missing bales.   From the evidence it appeared, that
the defendants did not believe the cotton to be theirs, but were
told by the owner of the ware-house, that if it was not theirs,
he did not know to whom it belonged, and that they must take
it upon his responsibility.   They did so, and having disposed
of it, the present action was brought to recover its alleged
value.   There was judgment for the plaintiff, and the
defendants appealed.

*Egnew,* for appellants.   *McCaleb,* for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case, the plaintiff claims from the defendants, the
value of twenty-one bales of cotton, which he estimates at
eight hundred and twelve dollars, alleging that they were his
property, and that said defendants took possession of them
without his knowledge or consent.   He obtained judgment
in the court below, from which the defendants appealed.

It appears by the evidence of the case, that the cotton now
in dispute was consigned to the plaintiff, as a commission
merchant, to be sold on account of the owner, and that
through the mistakes of the person with whom it was stored,
it was delivered to the defendants (who are also commission
merchants) and was by them sold with a lot of other cotton

EASTERN DIST.
December, 1831.

FOWLER
vs.
COOPER, CARU-
THERS & CO.

The qualified property which vests in a consignee, authorises him to maintain an action for the recovery of its possession, or of its value. But whether he can legally support such an action, against any other person except the one to whom he delivered the property for safe keeping, or the actual possessor at the time of instituting the suit. Quere.

(which they held as consignees) for a price less than that now claimed by the plaintiff.

The questions of law, which arise out of these facts, seem to be the following : first, whether the qualified property, which vested in the consignee, authorises him to maintain an action for the recovery of its possession, or of its value, and second, whether he can legally support such an action against any other person except the one to whom he delivered the property for safe keeping, or the actual possessor, at the time of instituting the suit. As to the first of these questions, no doubt exists; or has been suggested in argument of the plaintiff's right to sue. The second might possibly offer some difficulty of solution, in ordinary cases, but we are of opinion, all embarrassment is entirely removed from the present by the disclosure of certain facts. It is shown by the testimony, that the defendants received the cotton reluctantly, believing it not to be theirs, but it was in some sort pressed on them by the owner of the ware-house, to supply a deficiency of a number of bales, which had been stored by them, with the same person who had received in store the cotton of the plaintiff.

Afterwards when an investigation was set on foot, in order to discover the just owner of the property, and it appeared pretty evident, that it had been consigned to the plaintiff, one of the defendants, Mr. Cooper, offered to pay its value to said plaintiff, as appeared by the testimony of the witness Adone. This witness states, that Cooper expressed his belief to Fowler, that the cotton in question was not his (Cooper's) and that he would pay to the former any difference in price sustained between Mississippi and Tennessee cotton, if it proved to be Fowler's cotton. Now by the evidence on record, it is fully proven to be the cotton of the plaintiff, at least he shows a qualified property in it, sufficient to maintain this action.

It, is therefore, ordered, adjudged, and decreed, that the judgment of the District Court, be affirmed with costs.