## JOHNSON et al. v. IMBODEN.

One with whom slaves, belonging to a succession opened in another State, were deposited for safe-keeping in that State, by whose laws they are personal property, and from whose possession they have been fraudulently and forcibly taken, and brought to this State and sold, has such a qualified property in them as will enable him to maintain an action for their possession against the purchaser; but he cannot recover the value of their hire while in possession of the defendant; for that he is answerable to the succession to which they belonged.

APPEAL from the District Court of Carroll, *Selby*, J. *Thomas*, for the plaintiffs. *Short* and *Blackburn*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiffs were the sureties of *Samuel Campbell* on his bond given in the State of Arkansas, as executor of the last will of *Duncan G. Campbell*, deceased. The plaintiffs it appears, having reason to be alarmed at the mismanagement of the executor of the affairs of the succession entrusted to him; and the Court of Probates under which he held his authority having taken cognizance of the application of said plaintiffs to be released from their suretyship, decreed that *Campbell* should furnish other security. It further appears that, in order to quiet the apprehensions of the plaintiffs, and before any new security was given by *Campbell*, he deposited with them for safe keeping, to await the further action of the Court of Probates, certain slaves belonging to the succession. It is alleged that afterwards *Campbell* fraudulently and forcibly took from the possession of the plaintiffs the slaves thus deposited, and brought them to this State, where he fraudulently transferred them to *Imboden*, who has them in his possession. The plaintiffs brought the present suit against *Imboden* for the possession of the slaves, and had them sequestered. A verdict of a jury was rendered in favor of the plaintiffs for two of the slaves *Alice* and *Viney*, and for $208 for their hire. From the judgment rendered on this verdict the defendant has appealed.

The occurrences which gave rise to this suit took place in the county of Chicot, adjoining the northern boundary of this State.

The argument presented for the defence, relates to the want of any legal right to maintain this suit, on the part of the plaintiffs. But it appears to us that this right is unquestionable. The slaves being in the possession of the plaintiffs in the

State of Arkansas, where the succession is still open and its affairs unsettled, and having been delivered to them by *Campbell* for safe-keeping to await the action of the Court of Probates, it seems to us that their right of possession cannot be drawn in question by a mere spoliator. *Campbell's* rights as a legatee gave him no right to remove the slaves to this State, and to dispose of them to the detriment of the succession which he was charged to administer. The other slaves brought to this State by *Campbell* have found their way across the line to Arkansas, and, in permitting the depositaries to maintain this action, we are only in fact returning those slaves to the action of the forum, from which they were removed for purposes which no court can justify. Slaves being moveables by the laws of Arkansas, the plaintiffs have such a qualified property in them as will support this action against a party in the position of the defendant. The judgment being for the possession of the slaves we consider that part of it, which secures the possession to the plaintiffs as correct; but for their hire the defendant will be responsible to the succession to which the slaves belonged.

The judgment of the District Court decreeing the defendant to pay the plaintiffs the sum of $208, or, as it is written, two thousand and eight dollars, is therefore reversed; and that declaring the possession of the slaves *Alice* and *Viney* to the plaintiffs is affirmed; the defendant paying the costs of the District Court, and the plaintiffs those of this appeal.