JOHNSON, RALPH and SLATER *v.* J. D. IMBODEN et al.

The plaintiffs were the sureties of an executor in the State of Arkansas. They took steps there to be relieved from their suretyship, upon which the executor placed in their hands, as an indemnity, several of the slaves belonging to the succession. He afterwards fraudulently obtained possession of the slaves, and sold them fraudulently to the defendant. *Held:* 1st. That the sureties had such a right in the property, as to maintain an action against mere spoliators. 2d. That they, also, had the right to maintain an action, as against the defendants, upon a forfeited bond for the delivery of property sequestered, although there had been administrators appointed for the succession, both in Arkansas and Louisiana.

APPEAL from the District Court of Carroll, *J. N. T. Richardson,* J. *Clark* and *Wilson,* for plaintiffs. *Short* and *Parham,* for defendants. The judgment of the court was pronounced by

EUSTIS, C. J. A suit was instituted by the present plaintiffs against the defendant, *Imboden,* for the possession of two slaves, in which the plaintiffs recovered. The judgment was affirmed by this court, in March, 1849. The case is reported in 4th Ann. 178. The slaves had been sequestered, and the defendant, *Imboden,* bonded them. A writ of possession was issued on the judgment, for the recovery of the slaves ; and on a demand for their delivery under the writ, *Imboden* failed and refused to deliver them up. The present suit is on the sequestration bond against *Imboden* and his sureties. Judgment was rendered in the court below for six hundred dollars, the value of one of the slaves, together with interest, and the defendants have appealed. The argument of the counsel for the defendant, has been principally directed against the right of the plaintiffs to maintain the present action. The same objections were made to the plaintiffs right of action in the original suit. It seems that the plaintiffs, who were the sureties of *Samuel Campbell,* in the State of Arkansas, as executor of his deceased brother, having reason to be alarmed at the mismanagement of the affairs of the succession of the deceased by the executor, applied to the court of probates, under which he was appointed, to be discharged from their suretyship. On the court taking cognizance of this application, *Campbell* delivered to the plaintiffs certain slaves belonging to the succession, for safe keeping, in order to await the action of the court upon it. From their possession, the slaves were fraudulently and forcibly taken by *Campbell,* who brought them to Louisiana, where he fraudulently transferred them to *Imboden.* The defendants having the lawful custody of the slaves, for the purpose of awaiting the future action of a court of competent jurisdiction in relation to the authority of the executor to continue to hold them, we thought had a right of action against a mere spoliator and his abettor, in which light *Campbell* and *Imboden* had placed themselves, for the purpose of restoring the property to the original deposit, in order to meet the consequences of the decision of the court of probates.

It appears, that *Cornelius Campbell* was afterwards appointed administrator of the succession of *Samuel Campbell,* in the State of Arkansas; and *Charles L. Wilson* has been appointed curator of the same succession, in the parish of Carroll, in this State, where the slaves were found. Neither of these persons have made themselves parties to this suit. It does not appear to us, that this appoint-

ment of representatives to the succession, in this State and in Arkansas, affects the right of action which the plaintiffs originally had. The recovery which the plaintiffs seek, is in the interest of the succession on which the spoliation has been committed, and also for their own benefit, and the defendants have' no right to defeat it. Such a right rests, exclusively, with those who represent the succession.

It seems to us plain, that the right to maintain the present action, is a necessary consequence of the right to maintain the original action. On that point, a further examination of the subject has satisfied us of the correctness of our former decision. Storey on Bailments, § 94 et seq. Cases there cited.

The counsel for the defendants contends, that the sequestration bond, signed by them, is not legal, and consequently not obligatory on them. The bond recites the sequestration of the slaves, and their delivery to *Imboden* on its execution. The condition is thus stated : " the condition of the above obligation is such, that the said *Imboden* shall not send away the said property out of the jurisdiction of this court; that he shall not make an improper use of the same ; and that he shall faithfully present them after definitive judgment, in case he should be decreed to restore the same to the plaintiff, otherwise the above obligation to be null and void."

This clause recites the conditions, which attach responsibility to the sureties, almost according to the letter of the Code of Practice, article 280. The condition of " otherwise the above obligation to be null and void," makes nonsense, and is evidently a blunder of the scribe, and not to be heeded as affecting the validity of the bond. Si librarius in transcribendis stipulationis verbis errasit, nihil nocere, quominus et reus et fidei jussor tenentur. De regulis juris. ff. lib. 50, *Penniman* v. *Barrimore*, 6 N. S. 498.

It results from the sheriff's return on the writ of possession, that the defendant, *Imboden*, did not deliver the slaves, in obedience to the judgment of the court, as he was bound to do; for which, the jury found him to be in default as to one of them, estimated at six hundred dollars. This verdict, we see no grounds for setting aside.

The judgment of the district court is therefore affirmed, with costs.