No. 4115.

(Court of Appeal, Parish of Orleans.)

JOSEPH KLEIN, etc., vs. CHARLES ANDERSON.

1. Under Art. R. C. C. 446, an unincorporated association cannot sue except in the individual names of all the members who compose it, and, under Art. 15 C. P., an action can be brought only by one having a real or actual interest.

2. But, jurisprudence has recognized and enforced a distinction to the effect, that whoever is answerable to another for a thing placed in his possession has such a special property in it, as enables him to maintain an action for the possession. if taken by a stranger.

Appeal from First City Court, Diivsion "B."

John C. Wickliffe, for Plaintiff and Appellant.

Robert Legier, W. L. Gleason, for Defendant and Appellee.

DUFOUR, J. This appeal is taken from a judgment maintaining an exception styled one of no cause of action, but which is, more properly speaking, one of no right of action or want of capacity in the plaintiff to bring this suit as Secretary of the Journeymen Barbers International Union, Local Branch No. 496.

The Union is an unincorporated association composed of over one hundred thousand members and having local branches in all the cities in this country.

Cards are prepared for the use of and are issued by the Union to the barber shops of this City, and Klein, as corresponding and financial secretary, is constituted the custodian of such cards.

On June 5th, 1903, by a written agreement signed jointly by Anderson and Klein then secretary of the local branch a card which was declared to remain the property of the Union, was loaned to Anderson, subject to certain regulations covering the subject matter, among these is the following:

"The person or persons displaying this card do so in accord-

262

ance with the rules stated above, and it is agreed by the person or persons displaying this card that for any violation of the rules above stated, he or they will give peaceable possession of the same to the local union under whose jurisdiction it is displayed, or a duly appointed or elected representative thereof, also that the same will be given into the peaceable possession of the General Secretary, Treasurer of the Journeymen Barber's International Union of America, or a duly appointed representative on demand."

On August 17th, 1906, by order of the local union, Klein demanded of Anderson the surrender of the card, and, upon the latter's refusal to comply with the demand, sued him as secretary and custodian of the property of the Association. It is not denied that under Art. 446 R. C. C. an unincorporated association cannot sue except in the individual names of all the members who compose it, and that, under Art. 15 C. P., an action can be brought only by one having a real or actual interest.

This is the general rule, but it is subject to exceptions; thus jurisprudence has recognized the right of a depositary, an administrator or a consignee, to an action to recover property entrusted to his possession and taken from him by a stranger.

4 M. 615, 3 La. 215, 4 An. 178, 7 An. 110, 2 N. S. 20, 31 A. 74.

It is true that in those instances the property had been taken surreptitiously and fraudulently from the depositary, but this was a mere accident of the cases, not affecting the principle underlying the distincion. In McGraw vs. Browder, 2 N. S. 20, the rule is stated as follows:

"From the moment he (the administrator) took into his custody the slave now sued for, he became responsible to the heirs, and we understand the general rule to be that whoever is answerable to another for a thing placed in his possession has such a special property in it, as enables him to maintain an action for the possession, if taken by a stranger." The members were the owners of the cards, but Klein was their custodian, responsible to the Union, he is, in our judgment, entitled to reduce it to possession in this suit.

The illegal detention of the card by the defendant is equivalent to an illegal taking of it, and defendant's agreement was

to restore it peaceably under certain conditions.

Whether or not these conditions have been complied with or violated is a question for the merits, which cannot affect the right to sue.

Judgment reversed, exception overruled, and cause remanded for trial on the merits according to law, and to the views expressed in this opinion.