McBRIDE, Judge.
John L. Douglas, plaintiff, has taken this appeal from a judgment of the lower court maintaining an exception of no cause or right of action filed against his petition by Julian L. Haro, one of the defendants.
Summarizing the pertinent portions of the petition we find that plaintiff has alleged : That on November 18, 1945, he owned and operated a garage in New Orleans and stored therein, for a consideration, the automobiles of other persons; that he received and accepted for storage, under a contract, a 1940 Buick sedan automobile owned by the New Orleans Bank for Cooperatives; that on the alleged date one of his employees, without his consent, took the automobile out of the garage to perform a mission of his own, and that while the employee was using the automobile thusly, it became involved in a collision with an automobile operated by Julian L. Haro. Plaintiff charges that the accident was caused by the negligence of Plaro, which is detailed in - the petition, and claims from Haro and his insurer, Central Surety and Insurance Corporation, the sum of $663.50, the amount of damages alleged to have been sustained to the Buick automobile. The insurance company made no appearance and filed no pleading, and the matter is before us on the judgment maintaining the exception filed by Haro.
This case presents to us for decision the sole question of whether an action can be brought by a bailee in his own right against a third person, for damages arising from an injury inflicted negligently upon the property which is the subject matter of the bailment. Counsel for both parties concede that this precise point has never been decided by an appellate court in Louisiana, and our independent research fails to discover any authority touching upon the matter.
Under our jurisprudence the transaction between plaintiff and the New Orleans Bank for Cooperatives is characterized as a “hiring” or “compensated deposit”, while under the common law terminology it is a “bailment”. Munson v. Blaise, La.App., 12 So.2d 623.
Plaintiff’s counsel argue that he, as the depositary, is liable to the owner for the amount of damages sustained to the automobile, and cite the case of Gulf & Ship Island R. Co. v. Sutter Motor Co., 12 La.App. 495, 126 So. 458, decided by this court, which holds to the effect that a garage keeper is liable to an owner for damages to an automobile resulting from a theft committed by his employee.
Counsel further contend that whosoever is answerable to another for a thing placed in his possession has such a special interest in it as enables him to maintain against a stranger an action for its possession or for damages inflicted upon it, and cite several cases which they claim support this contention.
The first, of those cases is McGrew v. Browder, 2 Mart. (N.S.) 17, in which the *389 plaintiff was administrator of a succession pending in Alabama, and in that capacity came into possession of a slave which belonged to the estate. The slave was subsequently stolen from him and was ultimately found in the possession of the defendant in Louisiana. Plaintiff sued to recover the slave and the defendant, in resisting the suit, urged that plaintiff, not being the owner, had not the capacity to prosecute the action. The Supreme Court said: “The evidence taken shows that the plaintiff in this case had the slave in actual possession ; and that she was stolen from him. These facts, we are clearly of opinion, authorize him to maintain this action in his own right. From the moment he took into custody the slave now sued for, he became responsible to the heirs; and we understand the general rule to be, that whosoever is answerable to another, for a thing placed in his possession, has such a special property in it, as enables him to maintain an action for the possession, if taken by a stranger. Codolphin’s Law of Executors, 134.”
This court, in the case of Klein v. Anderson, 4 Or.App. 262, passed upon the right of a depositary to bring a suit to recover property entrusted to him, and taken from him by a stranger. The court said, in maintaining the action:
“* * * jurisprudence has recognized the right of a depositary, an administrator or a consignee, to an action to recover property entrusted to his possession and taken from him by a stranger. Morgan v. Bell, 4 Mart. (O.S.) 615, Fowler v. Cooper, Carathers & Co., 3 La. 215, Johnson v. Imboden, 4 La.Ann. 178, Johnson v. Imboden, 7 La.Ann. 110, McGrew v. Browder, 2 Mart. (N.S.) 17, 20, Lannes v. Courege, 31 La.Ann. 74.
“It is true that in those instances the property has been taken surreptitiously and fraudulently from the depositary, but this was a mere accident of the cases, not affecting the principle underlying the distinction.”
In Lannes, et al. v. Courege, 31 La.Ann. 74, a depositary was permitted to sue to recover certain promissory notes unlawfully taken from his possession by the defendant.
In Johnson et al. v. Imboden, 4 La.Ann. 178, it was held that a depository had the right to sue -for slaves fraudulently and forceably taken from him, the court saying: “* * * The slaves being in the possession of the plaintiffs in the State of Arkansas, where the succession is still open and its affairs unsettled, and having been delivered to them by Campbell for safekeeping to await the action of the Court of Probates, it seems to us that their right of possession cannot be drawn in question by a mere spoliator. * * *”
The right of a consignee to maintain an action against a carrier for injuries inflicted upon goods while in transit was involved in Morgan v. Bell, 4 Mart. (O.S.) 615. The court held: “The consignee of goods has, in our opinion, such interest in them as authorizes him to sue for them, if they be withheld in whole or in part, or if they be injured. In the latter case there is a failure on the delivery, according to the bill of lading.”
A commission merchant, in the case of Fowler v. Cooper, Carathers & Co., 3 La. 215, was permitted to recover the value of property consigned to him for sale where it had been wrongfully disposed of by a third person. The court found that plaintiff had “a qualified property in it.”
In all of the cited cases, except one, the depositary sought possession of the property from a stranger who had unlawful possession of it. The exception is Morgan v. Bell, supra, where the consignee was permitted to recover from the carrier for injuries to a shipment of goods. In that case the court found that there was “a failure on the delivery, according to the bill of lading.”
In addition to the above authorities emanating from the courts of Louisiana, counsel have also cited numerous cases decided by courts of some of our sister states, all to the effect that a bailee has the right to bring an action in damages against a third party who inflicts injury to the subject matter of the bailment. Counsel also calls our attention to certain language used in *390 American Jurisprudence, vol. 6, page 387, as follows: “* * * This right of the bailee is also quite generally put on the ground that he has a special property in the articles bailed. Since, however, there is considerable confusion among the courts with respect to the use of the term ‘special property’ as applied to the interest of a bailee in the subject of the bailment, especially in bailments other than for mutual benefit, it is probably preferable to consider a bailee’s right of action in this respect as standing squarely on his possession rather than on any supposed special property therein, for as against a wrongdoer who is a stranger to the bailment, a bailee’s possession may be regarded as title which will support any appropriate action.”
The above common-law rule is also stated in Dobie on Bailments and Carriers, page 64, and Huddy Encyclopedia of Automobile Law, vol. 11-12, sec. 370. The language used by Huddy is as follows: “The bailee of a motor vehicle, subject to the rules governing the law of bailment generally, enjoys a property right or interest in the vehicle, entitling him to assert, as against other persons than the bailor, the usual legal rights incident to, and accompanying the right of possession of personal property. * * * The bailee may sue third persons causing injury to the subject-matter of the bailment.”
The common law cases cited by counsel constitute the footnotes to the above textual citations.
Article 15 of the Code of Practice provides : “An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.”
In many cases decided by our courts it has been held that one without pecuniary interest has no judicial standing to bring an action, and the courts have said that this principle is founded “upon simple, plain common sense.” Ideal Savings & Homestead Ass’n v. Scott, 181 La. 978, 160 So. 783, 784; Quaker Realty Co., Ltd., v. Labasse, 131 La. 996, 60 So. 661, Ann.Cas. 1914A, 1073.
In Weadock v. Eagle Indemnity Co., La.App., 15 So.2d 132, 138, the court said:
“Tort has been defined many times. * * * it is a breach of a legal duty. The fundamental basis of the general law of tort in this state is found in the first paragraph of Article No. 2315 of the Civil Code and reads as follows: ‘Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; * * *.’
“Every tort action embraces three distinct elements, viz:
“1. Existence of legal duty from defendant to plaintiff;
“2. Breach of that duty; and
“3. Damage as a proximate result.” (Italics ours.)
Counsel for plaintiff argue that the cases from Louisiana cited by them should be controlling here, and that we should follow the doctrine established in those cases in deciding this matter. However, as mentioned above, in all of those cases cited by counsel, with the exception of one, the court had before it the proposition of whether a depositary could sue an illegal possessor to gain possession of the bailed property. The one exception is the case of Morgan v. Bell, supra, where a consignee was permitted to recover against the carrier for injuries to a shipment of goods." But that case seems to have been decided on the premise that there was a violation of the contract of carriage, as the court stated “there is a failure on the delivery, according to the bill of lading.”
The common law doctrine relied upon by counsel has never been adopted by the courts of this state, and in view of the emphatic declaration of the Code of Practice that one without an interest may not sue, the cited cases have no applicability here.
As we have stated, the petition does not allege that plaintiff has paid the owner for the damage to the automobile, nor does it contain an allegation that payment has been demanded of him. Had the plaintiff settled with the owner and obtained a sub- *391 rogation, undoubtedly a different situation would have been presented, but we fail to see how the plaintiff has been damaged to any extent as a result of the accident. It may be that the owner intends never to assert a claim for damages. It is true also that if this plaintiff is allowed to prosecute his claim to a judgment, it could be that he would withhold the amount collected from the owner of the automobile, and thereby unjustly enrich himself at the expense of another. He is not the agent of the owner and has never, so far as the allegations of the petition show, been authorized to institute the present action as such.
As plaintiff in this case has not alleged that he has any interest in prosecuting his action against the defendant, the judge a qua properly maintained the exception of no cause or right of action, and the judgment appealed from is affirmed.
Affirmed.