FOURNET, Chief Justice.
 

 This case is before us on certiorari to review the judgment of the Court of Appeal, First Circuit, affirming the judgment of the district court sustaining an exception of no right of action and dismissing the plaintiff’s suit for damages to an automobile allegedly owned by him, resulting from a collision between the said automobile and a truck owned by one of the defendants.
 

 It appears that after answer was filed and-the trial had begun, the plaintiff (Lloyd R. Holley) admitted on the stand that he was not the owner of the automobile nor had he paid the cost of repairs, and that the damaged car belonged to his father; whereupon the defendants (Butler Furniture Company, Inc., the owner of the truck, William Polk, its driver at the time of the collision, and the Insurors Indemnity and Insurance Company, the liability insurer) filed exceptions of no cause and no right of action. While the district court had these exceptions under consideration and before a decision was rendered thereon, the plaintiff sought permission to file an amended and supplemental petition setting forth that the suit was filed with the consent and approval of his father, and that he had an “oral mandate” from his father to prosecute the suit, with the understanding that any sum recovered would inure to the benefit of the father; and simultaneously, the father (Marvin H. Holley) sought to intervene in the proceedings by filing a petition of intervention alleging that he owned the car damaged, and affirming the position of the son; stating that he intervened for the express purpose of authorizing his son to prosecute the suit and stand in judgment therein for and in the place and stead of intervenor; and, in the alternative, should the court decree that his son could not continue the suit, then he, the father, as owner, was the proper party to stand in judgment and to recover from the defendants.
 

 The district court rendered judgment in favor of the defendants, sustaining the ex
 
 *11
 
 ception of no right of action and denying plaintiff the right to file his supplemental and amended petition. The intervention sought to he filed by the father was dismissed in the same judgment. This was affirmed on appeal by the Court of Appeal for the First Circuit, the court holding that under Article 15 of the Code of Practice, which requires a person to have a real and actual interest in order to bring-an action, the exception of no right of action was properly maintained; and since a petition of intervention either stands or falls with the main demand, in view of the fact that plaintiff’s suit must fall it necessarily follows that the petition of intervention must fall with it. See 37 So.2d 476.
 

 Clearly, under the facts of this case, the plaintiff was without any interest in the cause of action; and since the repairs were paid for by his father, the owner of the car, and his only alleged interest in the matter (as stated in his supplemental petition) is that he is morally obligated to pay the same, does not create such an interest as would authorize him to bring the action; and his allegation that he had an oral mandate, we think, as did the Court of Appeal, was an afterthought — an attempt by the plaintiff to bolster up his petition.
 

 It is the plaintiff’s contention, however, that under the jurisprudence of this state as announced in the cases of Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, and Douglas v. Haro, 214 La. 1099, 39 So.2d 744, plaintiff should have been permitted to amend his petilion, showing that he was acting for the use and benefit of his father under an oral mandate, particularly since he is supported in this by his father’s petition of intervention. There is no merit in this contention. In the Reeves case the party who was injured instituted the proceeding, and was allowed to amend after an exception of no right or cause of action was filed in order to make the necessary allegation that the defendant’s insured was at fault. In the course of its opinion the court pointed out that on this question the decisions of this Court were in conflict, the earlier cases holding that the amendment could .be made, later cases (between 1880 and 1922) holding to the contrary; but following that year the court had uniformly held that where a petition failed to state a cause of action due to insufficient allegations, an amendment would be allowed; and observed that this conclusion was not only in accordance with the weight of authority but “consonant with considerations of equity and the modern trend of liberality in upholding substantive rights instead of subtle technicalities.” [185 La. 42, 168 So. 491] And in the case of Douglas v. Haro, the plaintiff, who was under contract with the New Orleans Bank Cooperatives to take care of their Buick automobile for a consideration, instituted suit against the defendant to recover damages to the automobile suffered in a collision between it and the defendant’s car; and this court held that inasmuch as the depositor had ten years in
 
 *13
 
 which to file a suit against the plaintiff under the provisions of the Civil Code, and the right of action to recover damages from the defendant was one which prescribed in one year, that the plaintiff was deemed to have an interest to bring such action — but inasmuch as the depositor had not been made a party, remanded the case for that purpose. If the plaintiff here had alleged in his original petition that the suit was brought for the use and benefit of his father but had omitted to allege under what authority he brought the suit, or that he was authorized to bring the suit but had failed to allege that it was for the use and benefit of his father, or if he had alleged that he was under obligation to his father for the repairs, we think under those circumstances the plaintiff would be entitled to amend his petition in order to supplement the deficiencies in the petition to state a cause of action; but we do not think the practice should be extended to allow amendment of the petition the effect of which would be to state a cause of action in a third person. To so hold would have the effect of encouraging meddlers to champion the rights of others. Compare with Drs. Toler & Toler v. Munson, 184 La. 895, 168 So. 93.
 

 The other cases relied on by the plaintiff are pertinent neither from a factual nor a legal standpoint and therefore are not controlling.
 

 For the reasons assigned, the judgment of the Court of Appeal, First Circuit, affirming the judgment of the district court, is reinstated and made the judgment of this court.
 

 LE BLANC, J., recused.