193 So.2d 798 (1967)
George B. YOUNGER et al., Plaintiffs and Appellants,
v.
AMERICAN RADIATOR & STANDARD SANITARY CORPORATION et al., Defendants and Appellees.
No. 1875.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1967.
Rehearing Denied February 1, 1967.
Writ Refused March 10, 1967.
*799 Deutsch, Kerrigan & Stiles, by Dermot S. McGlinchey, New Orleans, for plaintiffs-appellants.
Gold, Hall & Skye, by George B. Hall, John R. Hunter, Jr., Alexandria, Theus, Grisham, Davis, Leigh & Brown, by R. L. Davis, Jr., Monroe, Stafford & Pitts, by Grove Stafford, Alexandria, Thomas W. Fowler, Jr., West Monroe, for defendants-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
On December 15, 1961 a boiler exploded in the Holiday Inn of Alexandria, Louisiana, causing considerable damage to the building and contents. On February 12, 1962, Mr. George B. Younger, et al., owners of the Holiday Inn, received from their property damage insurer, Springfield Insurance Company, the sum of $33,415.07 in full settlement of their loss; and in the same written act subrogated Springfield to all of their rights, claims and interest against any person liable for the loss.
On December 12, 1962, George B. Younger, et al., owners of said Holiday Inn, filed the present suit against the manufacturer of the boiler, the plumber who installed it and the party who serviced it, as well as their respective insurers, for the sum of $33,415.07 representing the loss and damage suffered by the explosion. This petition made no mention whatever that George B. Younger, et al. had already received said amount in a full settlement with their own insurer; and had executed the subrogation described; nor was Springfield made a party in the original suit.
Various pretrial proceedings, exceptions, etc. were filed and disposed of and finally the case was set for trial on the merits on June 15, 1966. On the day before trial, June 14, 1966, Springfield Insurance Company filed a supplemental and amended petition asking that its name be added as a party plaintiff pursuant to the act of subrogation. On June 15, 1966, the trial judge disallowed the filing of the supplemental and amended petition. The defendants then filed peremptory exceptions of no right of action, or no interest in the plaintiffs, George B. Younger, et al. to institute this suit. These exceptions were sustained and judgment entered dismissing the case. The mover, Springfield Insurance Company, has appealed.
The issue on appeal is whether the trial judge erred in dismissing the suit on the exceptions of no right of action instead of allowing Springfield to amend the petition, to add its name as a party plaintiff.
LSA-C.C.P. Article 697 provides:
"An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
"(1) The subrogor and the subrogee, when the subrogation is partial; or
"(2) The subrogee, when the entire right is subrogated."
Official Comment (c) under this article states:
"(c) A failure to comply with this article produces different results, depending on the circumstances. If there has been a total subrogation and the suit is brought in the name of the subrogor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff the subrogee."
*800 The subrogation in question here was not partial. It subrogated the owners' "entire right" to Springfield. Hence, under the express provisions of LSA-C.C.P. Article 697 and the official comment thereunder, George B. Younger, et al. had no right of action to file this suit. It should have been filed by Springfield.
Springfield contends that under LSA-C.C.P. Article 697 it is an indispensable party plaintiff without whom the action cannot be adjudicated, LSA-C.C.P. Article 641;[1] and that pursuant to LSA-C.C.P. Article 646[2] the court should have ordered the amendment of the petition to join Springfield as an indispensable party plaintiff.
Springfield relies principally on Lefleur v. National Health & Life Insurance Co., 185 So.2d 838 (La.App. 3rd Cir. 1966). However, as able counsel for the defendants have pointed out in their briefs, a careful analysis of the Lafleur case shows that it is readily distinguishable from the present matter. Lefleur filed suit on a health and accident insurance policy. The defendant insurer filed peremptory exceptions (1) of no right of action and (2) of nonjoinder of an indispensable party, on the grounds that Lafleur had assigned his entire right to benefits to the hospital and a physician. It appeared from the face of the act of assignment that it was an entire assignment within the meaning of LSA-C.C.P. Article 698. However, other evidence raised some doubt as to the intent and effect of the assignment. To protect all parties, we decided to remand the case to allow the assignees to be made plaintiffs and to permit more evidence to show the true nature of the assignment. This is made clear in the following quoted portions of the decision in Lafleur:
"On the other hand, to require the dismissal of the plaintiff's suit rather than to permit its amendment for impleader of the assignees as indispensable parties, is to work possible hardship upon the plaintiff. If, for instance, the full evidence, by parol or otherwise, shows that the present assignment, although on its face entire or absolute, was nevertheless intended in fact to be only partial or collateral, then to collect benefits due him the plaintiff might have to file yet another suit, additional to the present and to any subsequent suit filed by the assignees. Or, for example, there may be further agreements between the assignor and the assignees which revoke or otherwise alter the effect of the assignment as between these parties, by reason of which, if we dismiss the present suit by the assignor, a subsequent suit by the assignees might likewise be subject to dismissal upon a similar technical defense."
The present case is not the same. There is no confusion or uncertainty here that the owners of the Holiday Inn have been paid in full. They have no right to collect any further sums and no interest in seeing that any third party is paid any sums whatever, as was the case in Lafleur. They subrogated their entire right. There is only one party who has any interest in this matter or any right to prosecute this claim *801 and that party is Springfield, the subrogated insurer.
Furthermore, the defendants in this case have not filed an exception of nonjoinder of indispensable parties, as was done in the Lafleur case. The defendants here have filed only an exception of no right of action, i. e., no interest in the plaintiffs, George B. Younger, et al., to file this suit. It is clear that at the time George B. Younger, et al. filed this suit they had no right or interest whatsoever to prosecute this claim.
If this court were to permit the joinder of the subrogee in this suit filed by the subrogor, it would in effect cause an improper joinder of parties. We would then be faced with a suit involving an unnecessary party. This situation would not be like Lafleur, but instead would be the exact opposite of Lafleur. In the Lafleur case there were 3 parties who had a possible interest in the suit, i.e., Lafleur and the hospital and the doctors, but only one had sued. The defendant insurer properly raised this issue and the court agreed that all 3 parties were indispensable and permitted the amendment. In the instant case, there is only one party who conceivably had a right to prosecute this action at the time it was filed, and this party was Springfield.
It is apparent that the purpose of Springfield's seeking to amend the Younger suit, rather than filing a new action, is the danger that Springfield's claim has now prescribed. In the early case of Curacel v. Coulon, 2 Martin (Old Series) 143 (1812) the court, in a similar case, rejected a motion to amend the petition holding as follows:
"This cannot be done. It would not be amending, but making a new petition, and consequently making a new suit. If that could be allowed, the names of both parties could be changed, consequently an entire new suit substituted. In this way, a party whose right of action was lost by prescription, could, by engrafting his action upon another, brought some time before, deprive the defendant of his right, if he could find any suit standing against him and obtain the plaintiff's leave to substitute his own name by an amendment; and afterwards, by another, change the nature of the action.
"It is true, parties are often added by leave of the courtbut this is very different from substituting a new plaintiff in the room of the original one.
A later case supporting this holding is Holley v. Butler Furniture Co., 217 La. 8, 45 So.2d 747 (1950). In the Holley case a son filed suit for damages to an automobile, but during the trial it developed that the vehicle actually belonged to his father and the repairs to the automobile had been paid for by the father. Defendants filed an exception of no right of action and thereafter the father sought to intervene as a party plaintiff. The court sustained the exception of no right of action and dismissed the suit holding:
"Clearly, under the facts of this case, the plaintiff was without any interest in the cause of action; and since the repairs were paid for by his father, the owner of the car, and his only alleged interest in the matter (as stated in his supplemental petition) is that he is morally obligated to pay the same, does not create such an interest as would authorize him to bring the action; * * *"
"* * * we do not think the practice should be extended to allow amendment of the petition the effect of which would be to state a cause of action in a third person. To so hold would have the effect of encouraging meddlers to champion the rights of others. Compare with Drs. Toler & Toler v. Munson, 184 La. 895, 168 So. 93."
For the reasons assigned, the judgment appealed is affirmed. All costs of this *802 appeal are assessed against the appellant, Springfield Insurance Company.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., dissents and assigns written reasons.
HOOD, J., dissents for the reasons assigned by TATE, J.

On Application for Rehearing.
TATE, Judge (dissenting from denial).
I respectfully dissent from the denial of rehearing.
On December 12, 1962, the plaintiff property owners filed this tort suit for some thirty-three thousand dollars of damages caused through the fault of the defendants. The property owners had already collected this amount from its property damage insurer (the intervenor Springfield), who did not become a party to this suit until 1966 although subrogated by its payment to the owners' entire claim.
The trial court dismissed the plaintiffs from the suit on the ground that they had no interest and therefore no right of action, since Springfield was entirely subrogated to the plaintiff owners' former right to collect damages. The majority affirms.
In reaching this result, the majority relies upon LSA-C.C.P. Art. 697, the sole effect of which is to provide that the subrogee (Springfield) shall be the proper party to enforce an incorporeal right "when the entire right is subrogated."
This procedural reform was designed only to prevent the debtor from being harassed by multiple suits upon the same claim and to require joinder of any party interested. See Official Revision Comment (c), which states: "A failure to comply with this article produces different results, depending on the circumstances. If there has been a total subrogation and the suit is brought in the name of the subrogor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiffthe subrogee."
Thus, the article was not intended to effect the final dismissal of a timely brought suitjust to require joinder of indispensable parties. The law of Louisiana has consistently recognized that the owner-subrogor-assignor, despite the subrogation or assignment of the debt, has sufficient legal interest to bring suit for its enforcement. See preponderant jurisprudence cited in Official Revision Comment LSA-C.C.P. Art. 697.[1]
The subrogor (original creditor) retains sufficient interest to sue, for one reason, because, in the absence of notice to the debtor of the assignment or subrogation, the original creditor and not the transferee remains the creditor insofar as third persons (such as the debtor). LSA-Civil Code Art. 2643. Thus, in the absence of notice of the transfer of the debt to the subrogee or assignee, the original debtor may discharge it by payment to the subrogor (original creditor). LSA-C.C. Art. 2644; Drumm v. Sherman, 20 La.Ann. 96. (Of course, the subrogor on receiving payment holds the amount received as "trustee" for the subrogee. Moncrieff v. Lacobie, La.App. 1 Cir., 89 So.2d 471, 474-475, citing jurisprudence.)
*803 No intent is reflected by the Code of Civil Procedure Revision Comments to change this settled previous substantive law. It seems to me that LSA-C.C.P. Arts. 697 and 698 were intended merely to clarify the procedural law as to necessary or indispensable parties for the procedural enforcement of rights which have been partially or entirely assigned or subrogated by the principal creditor. The Official Revision Comments point out the former confusion in the law in this respect and indicate only a legislative intent to afford procedural rules by which opposing parties may require the impleader of necessary parties under such circumstances.
I read nowhere in the Official Revision Comments that the assignor or the subrogor of the claim is deprived of sufficient legal interest to be a party to the suit because of the procedural reforms accomplished by the articles. To so interpret the articles, is to translate a procedural reform into a trap for the unwary whereby valuable substantive rights of a subrogee or assignee may be jeopardized by the technicality of not joining as a party to a suit early enough.
In the present instance, the tort suit was timely brought within the year by the property owners who had sustained the damage. The defendant alleged tortfeasors were put fully on notice of the tort claim, and they are not prejudiced by the failure to join the subrogee. To dismiss outright the timely brought suit is to create a technicality previously unknown to Louisiana law, whereby a just claim of a subrogee risks being defeated as prescribed, even though the tortfeasor is neither a party to nor prejudiced by the subrogation agreement between the subrogor and subrogee. The courts consistently rejected similar attempts under the prior law of tortfeasors to escape being held accountable for their wrong through procedural technicalities such as that here urged. As our Supreme Court reiterated, in the fountainhead case rejecting such attempts and saving the suit whether filed by the subrogor or instead by the subrogee, "The wrongdoer is bound to respond in damages for the whole loss to the owners of the property, and how the money recovered is to be distributed does not concern him." Hanton v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544, 547.
The Code reform intended to simplify procedurally the joinder of parties is thus used, if the majority is correct, to create a substantive injustice. This upholding of a procedural technicality is in contravention, I believe, of the true purpose of the Code reforms. To do so, furthermore, is to violate the legislative mandate that "The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." LSA-C.C.P. Art. 5051.
On the similar question of an entire assignment, this very court has recently concluded that, when a suit is brought by an assignor and there is a showing that there has been an entire assignment of the debt due, nevertheless the court should overrule an exception of no right of action. Lafleur v. National Life & Health Ins. Co., La.App. 3 Cir., 185 So.2d 838. We there held that the court should permit amendment to implead the assignee as an indispensable party instead of dismissing the suit. We came to this conclusion in view of the purposes of the similar Code article or assignments being merely to protect the debtor against the harassment of multiple suits and also only to require interested parties to join in the action. I see no reason why we should reach a different result as to subrogation.
I therefore respectfully dissent from the denial of a rehearing.
NOTES
[1] "Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.

"No adjudication of an action can be made unless all indispensable parties are joined therein."
[2] "When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party, and may reopen the case if it has been submitted and further evidence is necessary. When such failure is pleaded successfully in or noticed by an appellate court, the latter may remand the case for such amendment and further evidence.

"When the failure to join a necessary party is pleaded successfully, the court shall permit an amendment of the petition to join him."
[1] For example, a depositary (bailee) may technically be without pecuniary interest to institute suit for damages to property deposited with him, Douglas v. Haro, La. App.Orl., 32 So.2d 387 (which dismissed a depositary's suit for damages against a tortfeasor upon sustaining an exception of no cause of action).

Nevertheless, the depositary has sufficient standing to bring suit. Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (reversing the former decision, and remanding for impleader of interested parties not previously joined).