MILLER, Judge
(dissenting).
I respectfully submit the majority is in error in declining to exercise this court’s supervisory jurisdiction in this case.
On November 6, 1975, Harris A. Reswe-ber filed suit against Liberty Mutual Insurance Company, seeking recovery of property damages to a tractor as a result of an accident which occurred on February 28, 1975. On April 8,1976, more than one year after the accident and shortly before trial was scheduled, Resweber filed a motion to change the party-plaintiff to “Harris A. Resweber, Inc.,” since the damaged tractor was always owned by that corporation and not by Resweber individually. Resweber was majority stockholder in this family corporate entity. Liberty Mutual filed a motion to strike the substitution and, alternatively, exceptions of no cause or right of action and prescription together with a motion for summary judgment. The exception of no right of action asserted that Resweber never had any real interest in the damages complained of, because he never owned the property in question; the exception of prescription alleged that all claims of Harris A. Resweber, Inc. had prescribed under LSA-C.C. art. 3536, since more than one year had passed after the accident. After the trial court denied the motions and exceptions, Liberty Mutual applied to this court for writs.
*557 Under the jurisprudence, the amendment of respondent’s petition to substitute the real party in interest as plaintiff does not relate back to the date of the original petition so as to cure the prescription of the claims of the substituted plaintiff. LSA-C. C.P. art. 1153; Younger v. American Radiator & Standard Sanitary Corporation, 193 So.2d 798 (La.App. 3 Cir. 1967), writ denied, 250 La. 368, 195 So.2d 644 (1967); Succession of Roux v. Guidry, 182 So.3d 109 (La.App. 4 Cir. 1966), writ refused, 248 La. 1106, 184 So.2d 27 (1966); Holley v. Butler Furniture Company, 217 La. 8, 45 So.2d 747 (1950); Ritsch Alluvial Land Company v. Adema, 211 La. 675, 30 So.2d 753 (1947). Perhaps these cases should be overruled to avoid the harsh result in these situations. If so, we should flatly declare that we refuse to follow the Supreme Court decisions.
Absent the decision in Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973), a majority of this panel might have granted the writ in this case. However, Nini is not controlling; it is distinguished in that: 1) It was a workmen’s compensation case and the Supreme Court specifically noted that a liberal interpretation was required under the Workmen’s Compensation Act, and 2) plaintiff there, although deceased at the time suit was filed, did, at one time, have a real interest — a right of action. In the present suit for tort damages to property, Harry A. Resweber, individually, never had an interest in the property. The corporate owner is a separate entity.
The denial of the exceptions of no right of action and prescription is “palpable error” and the relator, Liberty Mutual Insurance Company, is entitled to have these issues finally determined before it is required to defend the merits of the claim. In this regard, I adhere to the views expressed in my dissent in Alexander v. Administrator, Division of Employment Security, 302 So.2d 64 (La.App. 3 Cir. 1974). The court should confront the difficult issues raised by relator at this point in order to avoid the distinct possibility of needless and wasteful litigation.
I respectfully submit the writ should be granted.