**LIFE INS. CO. OF VIRGINIA v. SAUCIER et al. (GEDDES & MOSS UNDERTAKING & EMBALMING CO., Intervener).***

No. 16350.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

*Rehearing denied Oct. 5, 1936.

R. O. Vorbusch, of New Orleans, for appellant Mary Smith.

Leon Davison, of New Orleans, for intervener.

WESTERFIELD, Judge.

The Life Insurance Company of Virginia filed a petition in the First city court alleging that it had issued a policy on the life of one Sarah Milburn, deceased, and that it owed and desired to pay the proceeds of the policy amounting to $144.10, but that it could not safely do so because of the fact that two parties, Mary Smith and Priscilla Craig Saucier, each claimed to be the beneficiary, wherefore it desired to deposit the amount due under the policy in the registry of the court. It asked that each of the rival claimants be cited to appear and assert whatever claims they might have, all in conformity with Act No. 123 of 1922. Pursuant to an order of court, the amount was deposited in court and Mary Smith and Priscilla Craig Saucier were duly cited. Geddes & Moss Undertaking & Embalming Company intervened in the proceeding and claimed the proceeds of the policy by virtue of an assignment of Mary Smith, whom it alleged to be the legal beneficiary. On the trial of the case counsel for Priscilla Craig Saucier abandoned her claim, leaving only Mary Smith and the intervener as interested parties. Mary Smith acknowledged the execution of the assignment, but contended that it should be limited in effect to the amount of the funeral bill of intervener, which was proven to be $94. The remainder of the fund, or $50.10, she contends, should be delivered to her as the acknowledged legal beneficiary under the policy.

There was judgment below dismissing the claim of Priscilla Craig Saucier and recognizing the defendant, Mary Smith, as the legal beneficiary entitled to the proceeds of the policy, and further ordering that the fund, less the costs of court, be delivered to the Geddes & Moss Undertaking & Embalming Company, the intervener, as the assignee of Mary Smith. Mary Smith appealed to this court.

The assignment, which is on a printed form filled in with typewriting, reads as follows:

"Know all parties by these presents, that in consideration of the funeral services performed and materials furnished, and moneys advanced, in connection with the funeral of the late Sarah Milburn who departed this life on August 17, 1935, by Geddes & Moss U & E Co., Ltd., Funeral Directors of this City, as the beneficiary, or beneficiaries, under Policies No. 90693 issued 12/9/1889, ($78.00) on the life of said late Sarah Milburn, in the Life Insurance Co. of Virginia, I do by these presents, assign, transfer and set over unto the above named Funeral Directors, all my rights, claim and interest in the above mentioned policies, with full power and authority for me, or us, and in our names, to collect the amount of said insurance, together with all dividends thereon, in the same manner as I could do myself.

"[Signed] Mary Smith.
"Witnesses: [Signed] Jesse W. Cook
"[Signed] Mrs. G. G. Willis."

The instrument is somewhat inartistically drawn, but it is apparent that Mary Smith assigned "all my rights, claim and interest" in the policy, "together with all dividends thereon" to the intervener. The $78 mentioned in the assignment is the face value of the policy which had been issued in 1889, the dividends which had accrued on the policy being sufficient to increase its value to $144.10. Mary Smith testified that when she made the arrangement for the funeral of the deceased, assured, it was understood that the undertaker would collect the policy and pay itself for the funeral expenses and give her the balance. The intervener denies the agreement and is supported by the probabilities, since the testimony shows that neither the assignor nor the assignee knew what the accrued dividends on the policy would amount to when the assignment was made, or whether there would be any surplus or not. Be that as it may, however, Mary Smith divested herself of all of her interest in the policy, its face val-

ue and accrued dividends, by the assignment to the intervener, and we have nothing to do but to recognize that assignment, since its validity is not contested, nor is there any suggestion of fraud or error.

The judgment appealed from is correct, and must be affirmed.

Affirmed.