185 So.2d 838 (1966)
Robert LAFLEUR, Plaintiff-Appellee,
v.
NATIONAL HEALTH & LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 1678.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
*839 Dubuisson & Dubuisson, by James G. Dubuisson, Opelousas, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
This is a suit by an insured upon a policy of health and accident insurance. He obtained judgment by default against his insurer for benefits due. Subsequent to such judgment the defendant insurer finally retained counsel and then appealed.
The chief issue on appeal is presented by peremptory exceptions filed for the first time in this court as authorized by LSA-C.C.P. Art. 2163, where the ground of the peremptory exception appears of record.
In proving up his case, the plaintiff Lafleur had introduced certain hospital records. These included assignments to the hospital and to the attending physician of benefits due under the policy. Based upon these assignments, the defendant-appellant filed in this court peremptory exceptions (a) of no right of action (i. e., of no interest in the plaintiff to institute the suit) and (b) of nonjoinder of indispensable parties (i. e., of the assignees).
These exceptions are founded upon LSA-C.C.P. Art. 698, which provides for enforcement of assigned rights by the assignee when the entire right is assigned, or by both *840 the assignor and the assignee when the assignment is only partial.[1]
The defendant-appellant contends that the plaintiff Lafleur assigned his entire rights to collect benefits under the policy to the hospital and his attending physician. Thus, it is argued, under LSA-C.C.P. Art. 698 these latter assignees are the proper parties plaintiff to enforce the policy claim, not the plaintiff, who therefore has no right of action; or, at the least, they are indispensable parties without whom the action cannot be adjudicated, LSA-C.C.P. Art. 641.[2]
For reasons to be stated, we find that the assignment in question is, under the showing in the record, an entire assignment of policy benefits due for the plaintiff Lafleur's hospitalization. Nevertheless, we have reached the conclusion that the effect of this is not to require a dismissal of the plaintiff's suit upon the exception of no right of action, but rather a remand to permit amendment of the suit to implead the assignees as indispensable parties. See LSA-C.C.P. Art. 646.[3]
The Policy and the Assignment.
The policy provides for "hospital confinement benefits resulting from accidental bodily injury". The indemnifying clause provided that "the company will pay at the rate of $1,000 per month" ($33.33 per day) for each day that the insured is confined to a hospital by reason of accidental bodily injury. Under the record, the insured was confined for 20 days and thus entitled to policy benefits of $666.60. Upon his discharge from the hospital, the plaintiff assigned to his hospital "all Hospital Benefits due me" under the defendant's policy, and to his attending physician "all Medical Benefits due me" under said policy.
The Effect of the Assignment.
With regard to whether this assignment of benefits was "entire" or instead "partial", the plaintiff's counsel argues with considerable force that the assignment actually assigned no benefits due whatsoever: For the policy did not provide for payment of either "hospital" or "medical" benefits; it only provided for payment to the plaintiff at the flat rate of $33.33 per day during hospital confinement, regardless of any actual hospital and medical costs.
The record reflects that the plaintiff incurred hospitalization costs of $608.80 and a physician's fee of $158.00; that is, the total medical and hospital costs exceeding *841 by $100 the benefits due under the policy for the period of the plaintiff's hospitalization. Considering especially this circumstance and also that upon its face the policy states that it provides "hospital confinement benefits", we think that the prima facie proper construction of this assignment instrument is that it was intended to assign to the hospital and the attending doctor benefits due under the policy.[4]
We are influenced to some extent in this determination because otherwise the plaintiff's assignment of benefits under this particular hospital-confinement policy would be meaningless.[5]
As stated, the medical and hospital indebtedness exceeded in amount the policy benefits which the plaintiff assigned to the hospital and to the attending physician. The plaintiff-insured thus assigned his "entire right" to the claim for policy benefits, so that under LSA-C.C.P. Art. 698 (quoted in Footnote 1) the assignees are proper parties to enforce the assigned claim.
Exceptions of No Right of Action and of Nonjoinder of Indispensable Parties.
This does not mean, however, that the plaintiff's suit to collect policy benefits must be dismissed outright upon the exception of no right of action. As Official Revision Comment (d) to the article states, "If there has been an assignment of the entire right and the suit is brought in the name of the assignor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff, the assignee." (Italics ours.) So far as an obligor, such as the defendant insurer, is concerned, the primary purpose of the Code article is to protect him "against the harassment of multiple suits on the same obligation, since all interested parties must join in the action." Official Revision Comment (c).
On the other hand, to require the dismissal of the plaintiff's suit rather than to permit its amendment for impleader of the assignees as indispensable parties, is to work possible hardship upon the plaintiff. If, for instance, the full evidence, by parol or otherwise, shows that the present assignment, although on its face entire or absolute, was nevertheless intended in fact to be only partial or collateral, then to collect benefits due him the plaintiff might have to file yet another suit, additional to the present and to any subsequent suit filed by the assignees. Or, for example, there may be further agreements between the assignor and the assignees which revoke or otherwise alter the effect of the assignment as between these parties,[6] by reason of which, if we dismiss the present suit by the assignor, a subsequent suit by the assignees might likewise be subject to dismissal upon a similar technical defense.
*842 The defendant obligor's rights will be adequately protected by sustaining the exception of nonjoinder of indispensable parties and thus requiring the impleader of the assignees. The defendant's rights will not be prejudiced by permitting the plaintiff-assignor, its own insured, to remain a party to this suit, so that all parties with interest will be before the court. On the other hand, as noted, to require dismissal of the present action on the ground that the assignees alone are entitled to sue, is to risk multiplicity of actions and real prejudice to the plaintiff. So long as both assignor and assignees are before the court in this single suitso that the obligor will not be harassed by further litigation, the obligor is without substantial interest in contesting the distribution between them of the proceeds owed by it.
Somewhat similarly, our Supreme Court reversed the dismissal by lower courts of a suit by a depositary (bailee) for the defendant's negligent damaging of property deposited with the plaintiff. Douglas v. Haro, 214 La. 1099, 39 So.2d 744. Although actually the depositary had no pecuniary interest in recovering the damage, see court of appeal decision at 32 So.2d 387, the Supreme Court remanded to permit impleader in the suit of the property's owner (i. e., the depositor or bailor), in view of the possible prejudice to the plaintiff if the suit were instead dismissed. In rejecting arguments identical to those here urged that the plaintiff's suit should be dismissed since he was without interest, the court relied upon our modern jurisprudential policies of "upholding substantive rights instead of subtle technicalities" and of remanding instead of dismissing cases in order "to render substantive justice and to avoid a multiplicity of suits." 39 So.2d 744.
Decree.
For the reasons stated, therefore, we conclude that the defendant's exception of no right of action should be overruled, but that its exception of nonjoinder of indispensable parties should be maintained. Accordingly, we set aside the judgment in favor of the plaintiff, and we remand this case for impleading of the assignees as indispensable parties (see LSA-C.C.P. Art. 646, quoted in Footnote 3), as well as for any further proceedings not inconsistent with the views herein expressed. All costs of this appeal are assessed to the defendant-appellant, which did not urge the exception here maintained until after judgment was obtained and the appeal taken, see LSA-C.C.P. Art. 2164; all other costs to await final disposition of these proceedings.
Remanded.
NOTES
[1] LSA-C.C.P. Art. 698: "An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:

"(1) The assignor and the assignee, when the assignment is partial; or
"(2) The assignee, when the entire right is assigned."
This was an attempt by our Code of Civil Procedure of 1960 to end the conflicting confusion of the former jurisprudence on the subject and to provide "definite and workable rules on the subject * * * which afford protection of the rights of all persons concerned." Official Revision Comment (a), LSA-C.C.P. Art. 698.
[2] "Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.

"No adjudication of an action can be made unless all indispensable parties are joined therein."
[3] "When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party, and may reopen the case if it has been submitted and further evidence is necessary. When such failure is pleaded successfully in or noticed by an appellate court, the latter may remand the case for such amendment and further evidence.

"When the failure to join a necessary party is pleaded successfully, the court shall permit an amendment of the petition to join him."
[4] If the benefits payable exceeded the debt for which assigned, a different rule might apply: "The majority of courts at the present time * * * are prone to look with reluctance upon absolute assignments and hold that if the assignment, though absolute in form, was intended only as collateral security, it will have only such effect. Thus one having an equitable claim may show by parol that an apparently absolute assignment was intended as security * * *." 2A Appleman, Insurance Law and Practice, Section 1312 at pp. 520-522 (1966 revisions). To same effect, see Madison v. Sun Life Assur. Co., La.App.Orl., 191 So. 336.
[5] LSA-Civil Code Art. 1951: "When a clause is susceptible of two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory."
[6] The plaintiff attached to his brief copies of instruments executed by the doctor and the hospital allegedly rescinding the previous assignment of benefits to them and authorizing the plaintiff Lafleur to collect such benefits. However, we cannot consider these to dispose of this appeal on the merits, since courts of appeal may not receive new evidence upon appeal. Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (which did, however, consider such "new evidence" as indicating a reason to remand the case to the trial court in the interests of justice).