JONES, Judge.
Charles Kilson, Jr. (Kilson) filed suit against The American Road Insurance Company (American Road), claiming he suffered damages as a result of American Road’s refusal to pay under the terms of an insurance policy. From a trial court judgment upholding American Road’s exception of no cause or right of action, and granting their motion for a summary judgment, Kil-son appeals. We affirm.
Kilson’s petition alleges the following facts: On November 11, 1975, Kilson purchased a used Volkswagen automobile, financing the purchase through Ford Motor Credit Company. He initially secured collision insurance on the automobile, but later allowed it to lapse. Following this, Ford Motor Credit Company notified Kilson it had acquired “single interest” insurance, protecting only the interest of Ford Motor Credit Company, and was charging the premium to his account. The “single interest” insurance was acquired from American Road.
While this “single interest” insurance was in effect, Kilson’s automobile was involved in a collision, and was a total loss. Following this collision, Kilson refused to make any further payments on the automobile loan, demanding Ford Motor Credit Company pursue any further claims against American Road.
After American Road’s refusal to pay off the balance of the loan owed by Kilson, Ford Motor Credit Company filed suit against Kilson, and had the automobile covered by the chattel mortgage seized and sold to satisfy the unpaid amount of the loan. After Kilson was unsuccessful in attempting to enjoin the sheriff’s sale in that proceeding, he brought this suit against American Road. Kilson claims that due to the failure of American Road to promptly pay the claim arising out of the automobile collision, he suffered damages in the loss of his vehicle, inconvenience, attorney’s fees, embarrassment, and humiliation.
In response to Kilson’s petition, American Road filed an exception of no cause or right of action, stating the insurance policy at issue provided coverage only to the named insured, Ford Motor Credit Company, and then only in accordance with its provisions. American Road also filed a motion for summary judgment stating there is no issue as to the facts, as plaintiff admits the only insured under the policy is Ford Motor Credit Company, and therefore they have no liability to Kilson as a matter of law. A copy of the insurance policy was attached to the motion.
An exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers. For the purpose of determining the issues raised by this exception, the well pleaded facts in the petition must be accepted as true, and a suit will not be dismissed on an exception of no cause of action *969 if allegations of fact set forth a cause of action as to any part of the demand. Pence v. Ketchum, 326 So.2d 831 (La.1976); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961).
Kilson’s petition does not allege he has any rights under the terms of this insurance policy. In fact, he admits the policy is “single interest” insurance, protecting only the interest of Ford Motor Credit Company. Kilson’s petition implies the premiums were paid by Ford Motor Credit Company, and he was then required to reimburse them for those premiums. The fact that the premium was charged by Ford Motor Credit Company to Kilson does not create any sort of legal relationship between Kilson and American Road which would allow Kilson to recover the value of his automobile or any other damages from American Road. The lower court correctly upheld the exception of no cause of action.
A motion for summary judgment shall be rendered if “. . . there is no genuine issue as to material fact and . mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966. The copy of the insurance policy attached to the motion clearly shows the only insured under this policy was Ford Motor Credit Company. Kilson is neither an insured under the policy nor can he be considered a third party beneficiary, since the terms of the policy provide, inter alia, American Road is required to pay only after reasonable proceedings have been taken against the debtor to collect on the debt, including foreclosure on collateral security. While Kilson may receive some indirect benefit from the policy, since a payment under the policy would reduce his obligation to Ford Motor Credit Company, there are no rights under the policy which can be asserted by him. Since there exists no relationship between Kilson and American Road, Kilson has no right to recover under the insurance policy and American Road is entitled to judgment as a matter of law. The lower court was correct in upholding American Road’s motion for a summary judgment.
The judgment of the trial court is affirmed, appellant is to pay all costs of this appeal.
Affirmed.