COLE, Judge.
This is a suit for specific performance of a contract of lease (alternatively, for a declaratory judgment) entered into on August 1, 1975, by the defendant, as Lessee, and Public Systems, Inc., as Lessor. The thrust of the demand is for $1,412,286.39, alleged to be the balance due for the lease of certain computer equipment. Plaintiff is the assignee of Public Systems, Inc.
Defendant filed the peremptory exception against the cause of action asserted. It raises the objection of no right of action. The trial court sustained the exception and dismissed the suit. Plaintiff appeals. We reverse.
*283 The issue raised is whether the plaintiff has a legal interest in the subject matter of the litigation. La.C.C.P. arts. 681, 927. See also, Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977), and Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967).
The contract of lease entered into by defendant and Public Systems, in part, provides:
7. Assignment. Lessee understands and acknowledges that Lessor has entered into this Lease in anticipation of its being able to assign, transfer or mortgage or otherwise convey its interests under this Lease or any portion thereof and in the Equipment to one or more banks or other lending institutions, lenders or purchasers (hereinafter collectively referred to as ‘the Assignee’) and that the Assignee will, in entering into such transaction with Lessor, be acting in reliance upon and entitled to the benefits of, this paragraph. Accordingly, Lessee agrees with Lessor and with the Assignee (for whose benefit this covenant is expressly made) that (i) Lessor may assign, pledge, mortgage, transfer or otherwise dispose of, either in whole or in part, all of its rights and interests in and to this Lease or to the Equipment as Lessor hereunder, without consent of, Lessee; (ii) and in the event of any such assignment, Lessee will, after due notice thereof, promptly pay to the Assignee when due installments and any other payments that thereafter become due to the Lessor hereunder ....

In the event of a default by the Lessee hereunder, any Assignee of the Lessor shall have all of the rights of the Lessor pursuant to this Lease.
11. Successors. Subject to the foregoing, the Lease and all documents attached hereto shall inure to the benefit of and shall be binding upon Lessor and Lessee, their heirs, legal representatives, successors and assigns ....
20. Default. If Lessee shall fail to make any lease payment ..., or if Lessee shall fail to make any other payment or perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder ... then, upon the occurrence of any such event, Lessor may at its option declare this Lease to be in default and may do one or more of the following ...

a. Cause Lessee to (and Lessee agrees that it will) upon written demand of Lessor ... promptly return any and all equipment to Lessor ....
b. By written notice to Lessee, cause Lessee to (and Lessee agrees that it will) pay to Lessor (as liquidated damages for loss of a bargain and not as a penalty) on a date specified in such notice an amount ... equal to all unpaid lease payments which absent a default would have been payable hereunder for the full term hereof; and/or
c. Lessor may exercise any other right or remedy which may be available to it under the laws of the State of Louisiana to recover damages for the breach hereof or to rescind this Lease.

EXHIBIT B
LESSEE’S OPTIONS

2. At any time during the Original Term or any renewal thereof, on ninety (90) days written notice to Lessor, Lessee may terminate the lease as to any unit of equipment by paying the Termination Value applicable as of the Termination Date to Lessor or the last known assignee of Lessor, if any. This Termination Value will be computed by multiplying the applicable Termination Percentage, as established in Exhibit C, by the Original Cost of the Terminated Unit.
On the same day the lease was entered into by Public Systems and defendant, Public Systems, pursuant to Section 7 of the agreement, gave notice to defendant that it had assigned all rights to payments under the lease to plaintiff and requested that *284 defendant make the payments to plaintiff or its designee. Also, on that same day, plaintiff, pursuant to Section 7 of the agreement, gave notice to defendant that it was the assignee of the payments and instructed defendant to sent the payments to The First National Bank of Denver. Defendant acknowledged receipt of the notices sent by Public Systems and plaintiff, admits that the bank is merely plaintiff’s irrevocable escrow agent, and agreed to deliver its payments to the bank.
The agreement between plaintiff and Public Systems, wherein plaintiff purchased the right to receive all payments due under the lease (in effect, becoming assignee of the payments), provided for numerous other rights and obligations as regards its signatories. Some of these rights and obligations were contingent upon the defendant terminating the lease prior to the end of its initial term. They included disposition of the computer equipment by the parties with a residual right to share equally any monies derived in addition to that needed to pay other assignees and the expenses of disposition.
It is contended by defendant that after acquiring the right to the lease payments, plaintiff sold or assigned the payments to Smith, Barney & Company or, through that firm, to various investors. Plaintiff alleges the payments were conveyed to various financial institutions. While we find exhibits in the record indicating the involvement of Smith, Barney & Company, as well as ultimate investors, no evidence has been offered detailing the exact contractual posture that may exist between plaintiff and these third parties. At most, it appears that “Certificates of Ownership” were sold by plaintiff, through Smith, Barney & Company, to twelve investors, mostly banks. It does not appear that plaintiff sold or assigned its right to receive the lease payments or its right to share equally with Public Systems other monies that might be derived from disposition of the computer equipment following termination of the lease by defendant.
On August 28, 1978, the defendant, through its Office of the Treasurer, forwarded to The First National Bank of Denver, a warrant in the sum of $4,527,618.19 “to retire in full” its indebtedness under the lease. The bank refused to negotiate the warrant, advising defendant that the amount did not satisfy the termination provisions of the lease agreement. Failing to amicably resolve the matter, plaintiff filed this suit alleging defendant breached the lease agreement. Specifically, plaintiff alleges defendant is in default by not giving written notice of its desire to terminate the lease ninety days prior thereto and by tendering a sum substantially less than that required by the lease. Plaintiff prays for judgment adjudicating defendant to be in default and requiring defendant to specifically perform its obligation by paying the balance due under the lease. Alternatively, plaintiff seeks judgment declaring the respective rights of plaintiff and defendant as regards possession of the computer equipment and the payment of monetary sums.
In sustaining the peremptory exception the trial court held plaintiff was assigned only the right to receive payments, and since plaintiff, in turn, assigned this right to The First National Bank of Denver, it was without the legal right to bring this action. The trial court further held other rights would accrue to plaintiff under the agreement between it and Public Systems only in the event the lease between defendant and Public Systems was terminated. The court rejected the contention the lease was terminated by defendant’s tender of the warrant on August 28, 1978, finding this amounted only to a prepayment of the balance due on the defendant’s indebtedness.
The trial court erred in finding that plaintiff reassigned to The First National Bank of Denver its right to receive the lease payments from defendant. It is clear the bank was simply appointed as an agent to receive, escrow, and disburse the funds, the ownership of which plaintiff acquired by purchase and assignment. Nor does the evidence, as presently constituted, disclose a *285 reassignment of the right to receive the payments to any third party.
La.C.C.P. art. 698 provides:
An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
(1) The assignor and the assignee, when the assignment is partial; or
(2) The assignee, when the entire right is assigned.
The incorporeal right which was assigned in this case for purposes of collection or security was the right to the lease payments made by defendant. It was assigned in its entirety and, therefore, the plaintiff, as assignee, is the proper party to seek its judicial enforcement. Even if we were to assume that the assignment of the right was only partial, plaintiff, along with Public Systems, would have a legal interest in the subject matter of enforcing payment of the full sum contended to be due. The fact that Public Systems is not a party to this litigation would be of no consequence. We believe that La.C.C.P. art. 698 is intended only to clarify the procedural law as to necessary or indispensable parties. In this case, if the assignment of the right were only partial, defendant’s remedy would be to assert the peremptory exception, raising the objection of nonjoinder of an indispensable party. La.C.C.P. art. 927.
We find it unnecessary to consider whether the trial court was correct in holding that the lease was not terminated by defendant’s tender of the warrant for the stated purpose of retiring in full its indebtedness under the lease. A reading of the contractural provisions quoted in this opinion makes it abundantly clear that plaintiff may be regarded as a third-party beneficiary in whose favor a stipulation pour au-trui was made. La.C.C. art. 1890. The lease together with the documents executed simultaneously therewith, is explicit in affording to plaintiff all the rights possessed by the lessor, Public Systems, pursuant to the lease. Among these are the right to have the defendant promptly pay rental installments when due and any other payments that thereafter become due; the right to declare the lease to be in default upon defendant’s failure to make such payments and as a result of the default have defendant return the computer equipment and pay an amount equal to all unpaid lease payments which absent a default would have been payable for the full term of the lease; and the right to receive a ninety day written notice if, during the original term of the lease, defendant terminated the lease as to any unit of equipment by paying the termination value specified.
The contract of lease was entered into with the intention that an assignee, here the plaintiff, would be the ultimate lessor. The objective of the contract was to provide financing for defendant through intermediary agencies to acquire computer equipment. Defendant expressly consented to the arrangement. As ultimate lessor, plaintiff has stated a cause of action which it may seek to enforce. Plaintiff has an interest in enforcing it under the facts stated above. It should be noted that plaintiff’s interest in the subject matter of this litigation, as to the defendant, does not flow from the terms of the agreement between plaintiff and Public Systems. It is premised upon the contract of lease entered into by defendant and Public Systems, and the rights acquired thereunder are triggered in favor of plaintiff simply by plaintiff becoming an assignee. Cf. State ex rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478 (La.1976).
For the foregoing reasons, the decision of the trial court is reversed and this case is remanded for further proceedings in accordance with law. Costs of this appeal, which may properly be assessed under the law against defendant, are to be paid by defendant.
REVERSED and REMANDED.