465 So.2d 743 (1984)
Eugenel B. FONTENOT, Plaintiff-Appellee,
v.
HANOVER INSURANCE COMPANY, et al., Defendants-Appellants.
No. 84-315.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Rehearing Denied December 13, 1984.
*745 Fruge & Vidrine, Jack C. Fruge, Ville Platte, for intervenor-appellant.
Bolen & Erwin, Greg S. Erwin, Alexandria, for defendants-appellants.
A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Plaintiff-appellee Eugenel B. Fontenot sued defendants-appellants Hanover Insurance Company and Audubon Insurance Company for the proceeds of fire insurance policies covering plaintiff's harvested sweet potatoes. Defendants filed peremptory exceptions of no right of action and failure to join an indispensable party, contending that plaintiff had assigned all right and interest in the lawsuit to American Security Bank. The trial judge overruled these exceptions. A jury trial resulted in a judgment for plaintiff. We hold that plaintiff Fontenot had no right of action; rather, the proper party plaintiff was American Security Bank. We reverse and remand to the trial court.
A separate appeal from the case below has been perfected by intervenor-appellant Evangeline Bank & Trust Company. For our disposition of that appeal, see Fontenot v. Hanover Insurance Company, 465 So.2d 750 (La.App.3d Cir.1984), rendered today by this court.
Defendants in this case have specified numerous errors. Because of our disposition of their initial specification of error, we do not reach any of the other issues presented by this case.
On December 22, 1982, a shed in Pine Prairie was destroyed by fire. Mr. Fontenot did not own the shed, but he owned sweet potatoes, packing crates, and pallets which were stored in the shed and also destroyed by the fire. Hanover Insurance Company and Audubon Insurance Company insured Mr. Fontenot against the accidental loss of these potatoes, crates, and pallets, including accidental loss by fire.
It is virtually undisputed that the fire resulted from arson. The insurers, after extensive investigation, refused to pay Mr. Fontenot's claim. Mr. Fontenot subsequently filed suit against his insurers. The insurers set forth as an affirmative defense that Mr. Fontenot's dire financial condition, the incendiary origin of the fire, and other circumstantial evidence indicated that Mr. Fontenot was responsible for the destruction of his potatoes and packing materials. The jury found for plaintiff and a judgment was entered in his favor.
Mr. Fontenot and American Security Bank, one of his many creditors, entered into an agreement prior to the trial of this lawsuit. The agreement was memorialized as follows:
 "STATE OF LOUISIANA
 PARISH OF EVANGELINE
BEFORE ME, the undersigned authority, personally came and appeared: EUGENEL B. FONTENOT, a resident of Evangeline Parish, Louisiana, who declared:
That for value received, the said Eugenel B. Fontenot, does hereby pledge and assign as collateral security to the American Security Bank of Ville Platte, a domestic lending institution doing business and domiciled in Evangeline Parish, Louisiana, the following:
All of his right, title and interest in and to the proceeds which he may derive from a lawsuit entitled `Eugenel B. Fontenot vs Hanover Insurance Company, et al', Civil Docket No. 40,119-A, 13th Judicial District Court, which is a suit arising out of a fire loss which occurred on December 22, 1982, for which he was covered by contracts of insurance provided by the defendants in the captioned suits, being Contract No. FP114575 and F786581, said assignment, however, subject to the attorney's fees contract entered into between Eugenel B. Fontenot and the firm of Soileau & Coreil. Said pledge and assignment includes any and *746 all sums now due or owing said assignor in the above described claim and any and all further claims, demands and cause or causes of action of whatever nature or kind which assignor has or now has or may have against Hanover Insurance Co., et al, arising out of, growing out of or relating to or connected with the said fire loss above described.
And the said assignor hereby authorizes and directs Hanover Insurance Company and Audubon Insurance Company, its successors and/or assigns to make any payments due and owing or to become due and owing to assignor, to American Security Bank of Ville Platte for the sole use and benefit of the said American Security Bank of Ville Platte, its successors and assigns who is hereby empowered to ask for, demand, sue for, collect, receipt, compound and give acquittance for the said claim or claims or any part hereof.
THUS DONE AND PASSED at my office in Ville Platte, Louisiana this 12 day of August, 1983, in the presence of the undersigned competent witnesses and me, Notary, after due reading of the undersigned competent witnesses and me, Notary, after due reading of the whole.

WITNESSES:
/s/ Janice Johnson /s/ Eugenel B. Fontenot
 EUGENEL B. FONTENOT
/s/ Gwen D. Fontenot /s/ C. Brent Coreil
 NOTARY PUBLIC"
The assignment was filed in the conveyance office of Evangeline Parish.
Defendant insurers discovered this assignment on December 19, 1983, the first day of the trial. Defendants immediately filed a peremptory exception of no right of action, contending that Fontenot had assigned his interest in the lawsuit to American Security Bank, and, therefore, Fontenot was not the proper plaintiff. Defendants also filed a peremptory exception of failure to join an indispensable party, contending that American Security Bank, as assignee of Fontenot's entire interest in the lawsuit, was the proper plaintiff and had to be joined in the lawsuit.
American Security Bank sent the following letter to counsel for Fontenot on the next day:
 "December 20, 1983
 Mr. A. Gaynor Soileau
 Post Office Drawer 450
 Ville Platte, Louisiana 70586
 Dear Mr. Soileau:
Notice is hereby given that this is your authorization to cancel the assignment, insofar as our interest is concerned, of the proceeds that Eugenel B. Fontenot may derive from a certain lawsuit entitled `Eugenel B. Fontenot vs. Hanover Insurance Company, et al' Civil Docket # 40-119-A, 13th Judicial District Court. Said assignment is made to American Security Bank and dated August 12, 1983 by Eugenel B. Fontenot in the presence of C. Brent Coreil, Notary Public.
 /s/ Drouet W. Vidrine
 PRESIDENT
 American Security Bank
 /s/ Jesse Johnson
 Chief Executive Officer
 American Security Bank"
On this same day, the second day of the trial, the trial judge heard and ruled on the exceptions.
Jessie Johnson, executive vice-president of American Security Bank, testified that the assignment was merely part of a larger "collateral package" that the bank held on loans to Fontenot, that the bank no longer needed the assignment, and that the bank did not deem it valid. Walter Lee, clerk of the conveyance office, testified that the letter from the bank to Mr. Soileau, counsel for Fontenot, could not cancel the recording of the assignment filed in his office.[1] *747 Mr. Lee testified that the letter would have to be addressed to him before he could cancel the recording of the assignment.
The trial judge ruled that the bank may have had a complete assignment, but that the testimony of bank vice-president Jessie Johnson, was "in the nature of a judicial admission which binds American Security Bank and they are no longer a party to this. So, I'll overrule both exceptions."
Louisiana Code of Civil Procedure article 698 provides: "An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by: (1) The assignor and the assignee, when the assignment is partial; or (2) The assignee, when the entire right is assigned."
Plaintiff argues that the assignment in this case merely constitutes "collateral security" for the bank; therefore the assignment is only partial, the bank is simply a necessary party, and Fontenot retains his status as proper party plaintiff. Plaintiff correctly asserts that the exception of failure to join a necessary party is a dilatory exception, which is waived if not raised prior to answer. See La.Code Civ.Proc. art. 928. However, plaintiff incorrectly construes either the assignment or the meaning of article 698. The assignment clearly transfers all of Fontenot's interest in the lawsuit to American Security Bank. Further, article 698 draws no distinction between assignments for security and assignments for collection; therefore, the assignment is not partial on this basis. The proper exceptions for a case in which a complete assignment is made are the two peremptory exceptions raised by defendants: no right of action and failure to join an indispensible party. These exceptions, of course, may be raised after the commencement of trial, see La.Code Civ.Proc. art. 928, and were properly raised in this case.
The assignment in this case transferred all of Fontenot's interest in the lawsuit to American Security Bank some four months before the beginning of the trial. After trial had begun, and defendants had filed their exceptions, the bank attempted to cure the improper party plaintiff problem by authorizing Fontenot's counsel to cancel the assignment. There is no indication in the record that the assignment was ever actually cancelled. The trial judge found, nonetheless, that the testimony of the bank's vice-president as to the meaning of the letter constituted an admission which extinguished the assignment. We disagree.
A judicial admission is used as full proof against a party. La.Civ.Code art. 2291. Fontenot and American Security Bank were more in alignment with each other than opposed to each other. Both were primarily concerned with the success of the lawsuit against the insurers; with or without an assignment, a judgment for plaintiff would ease Fontenot's tremendous burden of debt and increase the chance that the bank would recover on its loan. At the request of Fontenot's counsel, and fully aware that the substitution of plaintiffs after the first day of trial would delay proceedings and possibly have an adverse impact upon the jury, the bank hurriedly drafted a letter authorizing Fontenot's counsel to cancel the assignment. Under these circumstances, the admission of the bank hardly amounts to the type of declaration against interest that characterizes judicial admissions.
A close review of the jurisprudence reveals no case in which a non-party to the suit, aligned in interest to one of the parties in the suit, has been allowed to make a "judicial admission" benefitting both the non-party and the aligned-in-interest party. Louisiana Civil Code articles 2289-91, dealing with admissions, in fact speak in terms of the admissions of a party. When American Security's vice-president Johnson made *748 his purported admission, American Security was not a party to the suit.
Further, although a judicial admission is extremely weighty testimonial evidence when properly presented, see, e.g., Crawford v. Deshotels, 359 So.2d 118 (La. 1978), its self-serving use to contradict an authentic act of conveyance is improper. The terms of the assignment speak for themselves. The ineffectual letter and parol evidence to the contrary cannot remove the fact that an assignment was made, and Fontenot, as assignor, was prosecuting an action fully assigned to American Security Bank. Judicial admissions are simply an extremely powerful form of testamentary evidence; like other forms of testamentary evidence, they cannot change the clear meaning of a written instrument. See Bank of New Orleans v. H.P.B., Jr. Development, 427 So.2d 486, 490-91 (La.App. 5th Cir.) (parol evidence and judicial admissions may not vary terms of collateral mortgage instruments), writ granted, 435 So.2d 447 (La.) (remanding to court of appeal to determine interest rate on judgment), aff'd & amended, 439 So.2d 1269 (La.App. 5th Cir.1983).
Fontenot's counsel prepared the assignment. Surely able counsel was aware of the clear law of this state that an assignee of the full interest of the assignor in a lawsuit is the proper party plaintiff to bring that lawsuit. Nonetheless, Fontenot was entered as party plaintiff in this suit.
Plaintiff attempts to compare the assignment to the bank with the contingent fee agreement entered into between plaintiff and plaintiff's counsel. Plaintiff argues that the contingent fee arrangement constitutes a partial assignment of the cause of action and, likewise, the assignment of the remainder is merely a "partial" assignment to the bank. This contention is without merit. The important point of Fontenot's assignment to the bank is that, after this assignment, Fontenot retained no interest in the lawsuit. Under the explicit terms of article 698, Fontenot's assignment was complete. He conveyed any remaining interest as party plaintiff to the bank.
Plaintiff contends that he could not legally assign the insurance policies without the consent of the insurers. A non-assignment clause is included in the standard Louisiana fire insurance policy. See LSA-R.S. 22:691(F)(1). Both policies involved in this suit contain the following language: "Assignment of this policy shall not be valued except with the written consent of this Company." Fontenot, however, did not assign his policies, he assigned his cause of action against the insurers. The key distinction is simple: before a loss, one may not freely assign personal rights under an insurance contract if the contract prohibits such an assignment; but, after a loss is sustained, and the insurer refuses to pay upon the assured's claim and demand, a cause of action against the insurer arises which may be assigned without the insurer's consent. This elementary point of insurance law is well-settled in all jurisdictions. 43 Am.Jur.2d Insurance sees. 789-92 (1982). Even if we assume arguendo that the insurers could prevent this assignment of a cause of action, Fontenot cannot make the assignment, then complain that the insurers could have prevented the assignment and thus declare the assignment void himself. If applicable at all, a non-assignment clause is for the benefit of the insurer, not an insured who imprudently assigns his policy, his rights under his policy, or his cause of action against his insurer.
Under the law of Louisiana, we must reverse the judgment of the trial court. We do not dismiss this case; rather, we remand for a new trial with the proper parties before the court. We render this holding after extensive and careful consideration of the effect it will have on the immediate litigants and future cases of this nature. The courts of this state should carefully tailor the operation of article 698 to the facts of each case, see La.Code Civ. Proc. art. 698, comment (d), and should not dismiss a case entirely on the grounds that the proper parties were not before the court when such a dismissal will work a substantial hardship on interested parties.
*749 In Lafleur v. National Health & Life Insurance Co., 185 So.2d 838 (La.App.3d Cir.1966), this court, through an opinion authored by Judge Tate, found that even though plaintiff had fully assigned his cause of action against his health insurer to his hospital under Code of Civil Procedure article 698, the suit should not be dismissed on the exception of no right of action; rather, the judgment should be vacated and the suit should be remanded for the joinder of the indispensable assignee. 185 So.2d at 840. Lafleur involved an injured assured who had filled out standard hospital forms as a matter of course before treatment. These forms included an assignment to the hospital of rights under the assured's health and accident policy. Defendant insurer did not pay assured's claim nor answer assured's lawsuit, thus the insurer had a final default judgment entered against it. Defendant insurer later appealed the judgment on the sole grounds of the assignment. Judge Tate noted that the case could be dismissed on defendant's exception of no right of action. 185 So.2d at 840. However, on the facts of the case, and in the interest of "upholding substantive rights instead of subtle technicalities," id. at 842, the judgment was vacated and the suit remanded. We follow the sound discretion of the Lafleur court and do not dismiss the present case. It is unclear, however, whether the remand in Lafleur was merely for the purpose of amending the judgment to include the assignee, or for the broader purpose of further trial proceedings. See Younger v. American Radiator & Standard San. Corp., 193 So.2d 798, 800-01 (La.App. 3d Cir.) (reading Lafleur as expressing doubt as to whether assignment was partial or complete and distinguishing remand in Lafleur from dismissal required in case before it because assignment before court was complete), writ denied, 250 La. 368, 195 So.2d 644 (1967). On the facts of Lafleur, we believe an amended judgment would have sufficed. However, the dissimilar facts of the present case, discussed at length above, do not, in our judgment, permit the vindication of "substantive rights" by an amended judgment. We do not dismiss, but we reverse and remand this case for a new trial.
This court, in Lafleur, noted that article 698 protects the defendant from a multiplicity of suits and harassment by extended litigation. 185 So.2d at 841-42. Plaintiff contends that the bank's purported revocation (albeit ineffectual) of the assignment indicates that the defendants will not be harassed by further litigation in the present case. Plaintiff misreads the clear language of article 698. The article does not state that it is to be given effect only if assignor and assignee intend to institute separate actions. The rule is prophylactic in effect: its imposition entirely prevents the possibility of harassment by multiple litigation. Furthermore, the prevention of multiple lawsuits is not the only purpose behind article 698. By its very terms, the article states the interest of the legislature in having an action which has been wholly assigned brought by the proper party plaintiff: the assignee.
Judges and juries have a legitimate and legislatively mandated interest in knowing the identity of the person or persons whom litigation before them may benefit. Especially in jury trials, one can imagine the abuses that might occur should the proper plaintiff or defendant be allowed to substitute surrogate parties. A typical day in court would be an endless procession of a new class of professionalsmen and women carefully trained to elicit the sympathy of the fact-finder and appear as deserving and necessitous plaintiffs or defendants. The legislature of this state condemns such practices by requiring that the party who stands to gain or lose by litigation must be the litigant. La.Code Civ.Proc. art. 681. In the context of assignments, article 698 expresses the judgment of the legislature that the assignee is the proper party plaintiff: the one who stands to gain or lose by litigation. Under article 698, Louisiana courts do not have to weigh the possibility of multiple litigation or deception by substitution of parties in each discrete case, the courts simply apply the rule provided by the legislature. See First Municipal Leasing *750 Corp. v. State, 394 So.2d 282, 285 (La.App. 1st Cir.), writ denied, 395 So.2d 810 (La.1980), writ denied, 397 So.2d 797 (La.1981), amended & aff'd, 422 So.2d 1182 (La.App. 1st Cir.1982).
We will follow prior jurisprudence and not dismiss this case outright. Under the circumstances of this case, however, the result of the trial must not stand. Moreover, we will not decree that American Security Bank be joined as party plaintiff. On the record before us, we note that American Security Bank is the proper party plaintiff and, in fact, if Fontenot remained as party plaintiff with the bank, Fontenot would be improperly joined. However, further assignments may have been entered into since the original trial of this matter, therefore, by directing that American Security Bank be named as plaintiff, we would risk directing another trial with improper parties before the court. See Lafleur, 185 So.2d at 841. Instead, we reverse the judgment of the trial court and remand with instructions that the proper party plaintiff under Louisiana Code of Civil Procedure article 698 be joined to and prosecute this action and that parties with no interest in the suit be dismissed. Costs of this appeal are to be borne by plaintiff-appellee Eugenel B. Fontenot.
REVERSED AND REMANDED.

ORDER
IT IS HEREBY ORDERED that the Application for Rehearing filed by the Plaintiff-Appellee, Eugenel B. Fontenot, in the above captioned case be rejected and not considered for the reason that the same is in violation of Rule 2-12.4 Paragraph 5 of the Uniform Rules of Courts of Appeal in that the same contains insulting and disrespectful language.
NOTES
[1] There is some doubt as to whether the assignment was ever actually recorded in the conveyance office. Apparently, the assignment was filed for recordation but never entered in the conveyance books.

Although filing the assignment for recordation evidences some additional degree of seriousness on the part of assignor and assignee, we attach no importance to whether the assignment was ever actually recorded. The assignment exists, whether recorded or not. The public records doctrine is inapposite to our decision. See Bess v. Turner The Plumber, Inc., 244 So.2d 708, 711 (La.App. 2d Cir.), writ denied, 258 La. 345, 246 So.2d 196 (1971).