LABORDE, Judge.
Intervenor-appellant Evangeline Bank & Trust Company is a creditor of plaintiff-ap-pellee Eugenel B. Fontenot. Intervenor attempted to enter the lawsuit filed by plaintiff against his insurers. Plaintiff Fonte-not sued to recover the proceeds of fire insurance policies issued by defendants-ap-pellees Hanover Insurance Company and Audubon Insurance Company. After Evangeline Bank & Trust intervened, defendant insurers filed a peremptory exception of no right of action and a motion for summary judgment to dismiss the interve-nor. The trial judge sustained the exception and granted the motion. We affirm.
The suit in which Evangeline Bank & Trust attempted to intervene is the subject of our opinion rendered today in Fontenot v. Hanover Insurance Company, 465 So.2d 743 (La.App. 3d Cir.1984), our docket no. 84-315. In no. 84-315, we find that Fontenot had fully assigned his cause of action to another creditor, American Security Bank, and we reverse judgment for Fon-tenot and remand for a new trial. Because we do not dismiss the case-in-chief, the present appeal of the denial of intervention is not moot, and the decision we render today in this appeal is binding on future litigation of the case-in-chief.
Evangeline Bank & Trust secured its loans to Fontenot with a crop lien. The sweet potatoes destroyed by fire and insured by Hanover and Audubon insurance companies constituted part of the subject of Evangeline Bank & Trust’s crop lien. Evangeline Bank & Trust therefore sought to enter Fontenot’s suit against the insurers and assert its lien interest on the destroyed crops in the lawsuit.
Although Evangeline Bank and Trust may have had an interest in the potatoes destroyed by fire, it is clear that Evangeline Bank & Trust had no interest in the insurance policies covering the potatoes. These policies constitute a personal contract between Fontenot and his insurers which specifies that the insurers will indemnify a loss by Fontenot of certain objects under certain circumstances. Fonte-not is named as the insured to be paid in the event of loss. Fontenot and his insurers could have provided a stipulation pour autri in the insurance contracts for the benefit of Evangeline Bank & Trust, but they did not do so. There are two ways under the insurance contracts issued to Fontenot that one other than Fontenot could have rights against the insurers: first, should Fontenot die, his rights under the policies would devolve upon his heirs; second, should the insurers refuse to pay under the terms of the policy upon his claim and demand, Fontenot may assign his cause of action against the insurers to another. Compare our decision in Fontenot v. Hanover Insurance Company, 465 So.2d 750 (La.App.3d Cir.1984).
As noted, there is no stipulation pour autri in Fontenot’s insurance contract, nor can Evangeline Bank & Trust assert rights as an heir to the policy or as an assignee of Fontenot’s cause of action against the insurer. Evangeline Bank & Trust has no interest in the policies upon which the lawsuit is based nor in the lawsuit itself. See Kilson v. American Road Ins. Co., 345 *752 So.2d 967, 969 (La.App.2d Cir.1977); see also 43 Am.Jur.2d Insurance secs. 789, 791 (1982).
Based on the uncontroverted facts before it and the law applicable to the case, the trial court did not err in granting defendants-appellees’ motion for summary judgment and in sustaining defendants-appel-lees’ exception. The judgment dismissing intervenor-appellant Evangeline Bank & Trust Company from this suit is affirmed, at intervenor-appellant’s cost.
AFFIRMED.